UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDSON GELIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 1:23-cv-02855 (UNA) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Plaintiff is a federal prisoner who is currently incarcerated at the Federal Correctional Institution located in Coleman, Florida. He has filed a *pro se* complaint, ECF No. 1, and an application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons discussed below, the IFP application will be granted, and this case will be dismissed without prejudice.

Plaintiff sued the United States under the Federal Tort Claims Act ("FTCA") for a myriad of alleged wrongdoing committed by the United States Department of Justice, more specifically, the Executive Office for United States Attorneys. He contends that certain Assistant United States Attorneys engaged in "racial discrimination and fraud," in bringing about his federal criminal investigation, indictment, trial, and conviction and sentence, entered by the United States District Court for the Middle District of Florida, and that those wrongdoers exhibited the same behavior during his pursuit of post-conviction relief in the Middle District of Florida and the United States Court of Appeals for the Eleventh Circuit. He demands $7,391,250 in damages.

First, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make

>such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994).  Here, plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See West v. Huvelle*, No. 18-CV-2443, 2019 WL 6498818, at *6 n.1 (D.D.C. Dec. 3, 2019) (concluding that, because guilty plea on which criminal conviction and sentence were based had not been declared invalid, plaintiff fails to state claim for damages under FTCA); *Hall v. Admin. Office of U.S. Courts*, 496 F. Supp. 2d 203, 208 (D.D.C. 2007) ("Absent a showing that plaintiff's conviction or sentence has been overturned or declared invalid, then, he cannot recover damages under the FTCA."); *see also Parris v. United States*, 45 F.3d 383, 385 (10th Cir. 1995) (reasoning that "[t]he FTCA like [42 U.S.C.] § 1983, creates liability for certain torts committed by government officials.  As such, we conclude the same common law principles that informed the Supreme Court's decision in *Heck* should inform the decision of whether an action under the FTCA is cognizable when it calls into question the validity of a prior conviction."), *cert. denied*, 514 U.S. 1120 (1995).

Second, "unless a prosecutor proceeds in the clear absence of all jurisdiction, absolute immunity exists for those prosecutorial activities intimately associated with the judicial phase of the criminal process." *Gray v. Bell*, 712 F.2d 490, 499 (D.C. Cir. 1983) (holding that absolute prosecutorial immunity exists for FTCA claims, even for alleged wrongdoing involving only quasi-judicial actions), *cert. denied*, 465 U.S. 1100 (1984).

Consequently, for these reasons, this case is dismissed without prejudice. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii)–(iii), 1915A(b)(1), (2). A separate order accompanies this memorandum opinion.

Date: October 30, 2023

_____/s/_____
JIA M. COBB
United States District Judge